Statement.

## Wytheville.

WOOD v. WALKER, TRUSTEE, AND OTHERS.

JULY 25, 1895.

1. CHANCERY PRACTICE—*Bill for Specific Performance—Allegations—Tender of Deed.*—A bill filed by a vendor of real estate against his vendee, to enforce specific execution of the contract for sale, which does not tender a deed of conveyance, and which does not allege the ability and willingness of the vendor to convey a sufficient title, is bad on demurrer. Such bill should allege the facts constituting performance on the part of the vendor, and a sufficient deed of conveyance should be tendered with the bill.

Appeal from a decree of the Circuit Court of Wythe county, rendered March 19, 1892, in a suit in chancery wherein the appellees were the complainants and the appellant was the defendant.                                                    *Reversed.*

The charges and statements of the bill are fully set forth in the opinion of the court. The agreement referred to in the bill is as follows:

*Agreement.*

"This agreement, made this 27th day of February, 1888, between James A. Walker, trustee for R. R. Moore, and R. R. Moore, of the first part, and Robert Wood, of the second part—

"Witnesseth : That the said parties of the first part hereby sell to the said party of the second part two hundred and ten acres of land, for the price of five thousand dollars, for which the said party of the second part has executed his three

notes, dated this day, for $1,666.66⅔, and due the first of January of 1889, 1890, and 1891, with interest from date.

" The said land is situate in Wythe county, on the south side of Reed creek, about two miles from the courthouse, adjoining the lands of Floyd Davis, S. R. Sayers, F. Fields, William Brown and brother, and the lands of said R. R. Moore, known as Holland Iron Works land ; the said tract being all the remainder of the tract purchased by R. R. Moore of F. Spiller which has not heretofore been sold off, supposed to contain about one hundred and seventy-five acres ; and the balance of the 210 acres to be taken off the Holland Iron Works land, adjoining the Spiller land, and running about north and south from Crockett's Mill road to the old town turnpike, so as not to interfere with or include the iron ore bank of R. R. Moore, which is hereby reserved.

"And the said R. Wood is to have all the rents of said land due in money or crops on said 210 acres after this day. Said Robert Wood is to build the line fence between the two hundred and ten acres and the Holland Works land. Said Wood is to use all the rails now in the fence between the Spiller and Holland lands, and if any new rails are needed they are to be made and put up by said Wood out of timber to be furnished by said Moore along or near the new line.

" Witness the following signatures and seals :

JAMES A. WALKER, [Seal.]
R. R. MOORE,      [Seal.]
R. R. WOOD,       [Seal.] "

*R. Crockett,* for the appellant.

*Walker & Caldwell,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

Opinion.

This is a suit for the specific performance of a contract for the sale of land. The bill, filed at the second February rules, 1891, alleges that appellees, "Jas. A. Walker, trustee under a deed of conveyance of R. R. Moore, and R. R. Moore, on the 27th day of February, 1888, sold to appellant, Robert R. Wood, a tract of land containing 210 acres, situate in Wythe county, adjoining Floyd Davis and others, for the purchase price of $5,000, for which Wood executed his three bonds, bearing date on the 27th day of February, for $1,666.66 each, and due the first of January, 1889, 1890, and 1891, respectively, with interest from date"; that the terms of sale were embodied in a written agreement signed by all the parties, which is filed as an exhibit with the bill; that Wood took immediate possession of the land under the sale, and that, although all the bonds have fallen due, they are only subject to a credit of $3,319.50, as of the 19th day of October, 1890. Averments are then made that nothing further could be realized on the bonds by judgment and execution; that Wood had not paid any taxes on the land; and that plaintiffs' claim constituted a lien on the land. These, briefly stated, are all the allegations or averments of the bill, and the prayer is "that the land be sold and the proceeds of the sale be applied to the payment of the purchase money, as evidenced by the bonds, and of the taxes, as long as Wood had been in possession of the land," &c.

In addition to those mentioned in the bill, the agreement between the parties contains this further provision: "The said tract being all the remainder of the tract purchased by R. R. Moore of F. Spiller which has not heretofore been sold off, supposed to contain about 175 acres; and the balance of the 210 acres to be taken off the Holland Iron Works land, adjoining the Spiller land, and running about north and south from Crockett's Mill road to the old town turnpike, so as not to interfere with or include the iron ore bank of R. R. Moore, which is hereby reserved."

At the September term of the Circuit Court appellant demurred to this bill, because insufficient, and " particularly because no deed of conveyance of the land is exhibited with the bill, in compliance with the terms of the contract of sale," and the cause was continued to the March term, 1892, when, without disposing of the demurrer, the court decreed a sale of the land for the payment of the balance of the purchase money.

From this decree an appeal was allowed to this court, and the only question that need be considered is, whether appellant's demurrer to appellees' bill should have been sustained.

The contract between the parties, by fair construction, entitled appellant, upon payment of the purchase money, to a deed of conveyance of the land by a sufficient title, defining the metes and bounds of the land, and in particular those of that portion " to be taken off of the Holland Iron Works land," to make up, with remainder of the " Spiller tract," the 210 acres. As we have seen, the bill does not even allege that the appellees had done all that was required of them under the contract, nor their ability and willingness to convey by a sufficient title the property which they had agreed to convey, nor that they had tendered a sufficient deed thereto to appellant. In fact, no allegations or averments of this character are made in the bill. " One who seeks to compel another to fulfill a contract of purchase is required to plead and prove his ability and willingness to convey by a sufficient title the entire property which he has agreed to convey, and a tender of a sufficient deed thereto.   *   *   *   This deed must be brought into court and the tender of it kept good until the suit has been determined."   22 Amer. & Eng. Ency. of Law, pp. 1039 and 1040.

" The bill [for specific performance] must show that complainant has done everything necessary to entitle him to performance of the contract by the defendant, and that there is

a demand on the other party uncomplied with. The plaintiff should allege the facts constituting performance on his part, so that the court may judge whether he has done what he ought." Waterman on Specific Performance of Contracts, 123, 124, and cases cited.

The courts in some of the States of the Union have held that a tender of the deed with the bill is not required, but we think the better rule, deducible from the weight of authority, is that complainant be required to allege the facts constituting performance on his part, and tender with his bill a sufficient deed of conveyance of the title of the property he has agreed to sell and convey, that the court may judge whether he has done what he ought, and whether the deed is such a conveyance of the title as the contract requires.

In the case of *Kenny* v. *Hoffman et als*, 31 Gratt. 442, where the contract provided that Kenny was to pay the purchase money as soon as he got a clear title, and where Hoffman had tendered to the agent or counsel of Kenny a deed which only conveyed " the legal and equitable interests of the grantors in the land, and all those claiming by or through them," and afterwards filed the deed with his bill for specific performance of his contract with Kenny, and in which he averred that he (Hoffman) had done all that was required of him under the contract, this court held that Hoffman was not entitled to the specific performance, as Kenny was entitled to a conveyance not only with general warranty, but, under his contract as construed, a title free from encumbrances—" a clear title." See also *Griffin* v. *Cunningham*, 19 Gratt. 571.

We are of opinion that the appellees in the case here did not, by their bill, make a case that entitled them to the specific performance of their contract with appellant, and that therefore the Circuit Court erred in not sustaining the demurrer thereto; and for this error the decree complained of must

Opinion.

be reversed and annulled, but the cause will be remanded to the Circuit Court, with leave to appellees to amend their bill and to have such further proceedings thereon as may be proper, in accordance with this opinion.

*Reversed.*